# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO
_____

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                  NO. 17-CR-578 WJ

EFRAIN QUEZADA-TRUJILLO,

        Defendant.

## MEMORANDUM OPINION AND ORDER GRANTING
## THE UNITED STATES' OPPOSED MOTION FOR *LAFLER/FRYE* HEARING

THIS MATTER comes before the Court upon the United States' Opposed Motion for a *Lafler/Frye* Hearing, filed July 21, 2017 **(Doc. 20)**. Having reviewed the parties' briefs and applicable law, the Court finds that the Government's motion is well-taken and, therefore, is granted, subject to the procedural considerations described below.

## BACKGROUND

Defendant is charged with two counts of cocaine distribution, in violation of 21 U.S.C. §§841(a)(1) and (b)(1). In this motion, the United States ("the Government") moves this Court to conduct a hearing on the record as to whether defense counsel communicated to the Defendant the plea offer that was extended by the Government. The request is made under the recent cases of *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012), in which the Supreme Court held that defendants are entitled to the Sixth Amendment right of effective counsel in the pre-trial plea bargaining context, applying the standard in *Strickland v. Washington,* 466 U.S. 668 (1984).

**DISCUSSION**

This Court has recently addressed a similar motion by the Government in another case in which it examined the available legal authorities on this issue. *See U.S. v. Morgan,* 16-CR-3484 WJ, Doc. 48, Mar. 7, 2018. In that decision, the Court found that *Frye* provided this Court with discretion to conduct a pretrial colloquy for the purpose of creating a record of the formal plea offer but acknowledged the existence of a "number of authorities that restrict the role of the Court during such an inquiry." *Id.* at 6. After an examination of these legal authorities, the Court concluded that a "carefully constructed colloquy should not offend them." *Id.*[1]

I.      **The Inquiry**

Defense counsel opposes the Government's motion, expressing a concern about the sharing of client confidences which could violate attorney-client privilege if an inquiry is made into the *reasons* why the plea offer was rejected. Defense counsel also points out that *Lafler* and *Frye* would each provide for very different procedures at a hearing which is meant to ensure that a habeas proceeding cannot later be brought. Both cases were post-conviction petitions, but *Frye* turned on whether an attorney fell below the standard in *Strickland* when the attorney failed to communicate an offer that subsequently lapsed. 566 U.S. at 139. In *Lafler,* on the other hand, the defendant received information about the terms of the Government's plea offer but rejected it on advice of counsel. 566 U.S. at 160. Defense counsel points out that a *Lafler* hearing would necessarily require an inquiry into the *reason* Defendant rejected a plea offer, since *Lafler* involved a situation where the defendant rejected a plea based on his counsel's deficient advice and as a result received a harsher sentence at trial. The Court is sensitive to Defendant's concerns regarding the sharing of any content of discussions between counsel and client which

---

[1] Counsel are directed to the *Morgan* decision for a more detailed analysis on these issues, including a consideration of whether questions pertaining to a defendant's confirmation of receiving a plea offer implicates the Fifth Amendment. *See* 16-CR-03484 WJ, Doc. 48 at 10.

would violate attorney-client privilege, but notes as it did in the *Morgan* case, that the principles announced in *Frye* (rather than *Lafler*) direct the analysis in this case because the situation here is not similar to that in *Lafler*. *See* 16-CR-03484-WJ, Doc. 48 at 5, n.3.

Defense counsel does not appear to be opposed to having a record made regarding the offer of a plea by the Government without a full-blown hearing, suggesting that the Government file the written plea offer with the Court and that the Court conduct a short colloquy to determine whether Defendant has had an opportunity to read and consider the plea offer.

The Government appears to share the same concerns expressed by defense counsel and assures that it has no intention of probing into any communications that encroach on attorney-client communications. Rather, the purpose here is to determine whether defense counsel communicated to Defendant the plea offer extended by the Government, and not to delve into the *reasons* Defendant rejected the offer. An inquiry concerning the factual information about whether defense counsel communicated the terms of the plea offer to Defendant is not protected by attorney-client privilege. The "mere fact that an attorney was involved in a communication does not automatically render the communication subject to the attorney-client privilege[;] rather, the "communication between a lawyer and client must relate to legal advice or strategy sought by the client . . . ." *In re Grand Jury Proceedings*, 616 F.3d at 1182 (citing *Motley v. Marathon Oil Co.*, 71 F.3d 1547, 1550–51 (10th Cir. 1995) and *U.S. v. Johnston*, 146 F.3d 785, 794 (10th Cir. 1998)).

In analyzing the privilege issue in the *Morgan* case, the Court found that it:

> has the ability to carefully craft a colloquy aimed at only ascertaining the terms of the plea offer and not the substance of the advice from counsel or the reasoning behind Defendant's decision-making." *U.S. v. Braxton,* 784 F.3d 240, 247 (4th Cir. 2015) ("Nor, . . . does *Frye* require a district court to satisfy itself of the intelligence of a defendant's decision to exercise his right to trial instead of accepting a plea offer."). Questions designed to only establish the terms of the

plea offer and whether it was relayed to Defendant should not reveal legal advice from defense counsel or "the substance of a client confidence." [*U.S. v. Defazio,* 899 F.2d 626, 635 (7th Cir. 1990)]. The Court believes this limited degree of inquiry is proper under the *Frye* standard and aligns with other district courts that have conducted the same type of hearing. [*U.S. v. Pirk,* 236 F.Supp.3d 796, 801 (W.D.N.Y. 2017)] ("To force the disclosure of any further details regarding plea discussions between defense counsel and his client—other than the fact that they had occurred[—]would in the Court's view unreasonably invade the sanctity of the attorney-client relationship."); *United States v. Slane*, No. 11-81, 2015 U.S. Dist. LEXIS 19867, at *60 n.14 (W.D. Pa. Feb. 19, 2015) ("[T]he Court is careful to elicit only factual information from the parties and the defendant rather than soliciting any advice provided by defense counsel to the defendant and protected by the attorney-client privilege.").

*Morgan,* 16-CR-3484 WJ, Doc. 48 at 9.

In the end, both parties are essentially in agreement with having the Court determine whether Defendant has had an opportunity to read and consider the plea offer. The Government suggests the following language which the Court could use during the inquiry:

I am informed that the government made you a plea offer that you rejected.

Do not tell me about the content of any discussion between you and your counsel.

Do not tell me the terms of any plea offer made by the government. This Court is not involved in any plea negotiations, and states no opinion regarding your decision to plead guilty or proceed to trial. I simply request a yes or no answer to the following questions:

First, did you each discuss with your attorney the plea offer made by the government?

Second, are you satisfied that, prior to rejecting the plea offer, you had a full and complete opportunity to discuss the plea offer with your attorney?

The Court is satisfied that this proposed colloquy forms the basis for an inquiry which would adequately resolve any of defense counsel's concerns about disclosure of privileged communications.

## II. The Procedure

Defense counsel has no objection to the Court conducting a short colloquy without a full-blown hearing, and the Court construes the Government's request to be the same. Also, neither party suggests holding the hearing *ex parte* –which the Court would reject in this case since conducting this inquiry without the presence of Government counsel would not allow the Government an opportunity to offer a remedy if a *Lafler/Frye* issue comes to light.[2] *See Lafler*, 566 U.S. at 171–72 (discussing how it is "difficult to restore the defendant and the prosecution to the precise positions they occupied prior to the rejection of the plea offer" and after a conviction has been obtained). Also, with the presence of both defense counsel and the prosecution, the Court may use the hearing to confirm that all parties—the prosecution, defense counsel, and the defendant—have a uniform understanding of the terms of the rejected plea.

## III. The Contents of the Plea Offer

Defendant suggests that the Government file the written plea offer with the Court, to be followed by a short colloquy by the Court to determine whether Defendant has had an opportunity to read and consider the plea offer. However, the Government contends that filing the plea agreement runs awry of Fed.R.Crim.P. 11(c)(1), which makes clear that the Court must not participate in plea discussions. The Court agrees with the Government that it risks violating Rule 11(c)(1) if it participates in a discussion of the terms of the plea offer, but also finds that the terms of the plea agreement must be on the record for a *Lafler/Frye* hearing in order to sufficiently develop the record for later reference in a post-conviction appeal.

One way of resolving this dilemma is for the Court to accept a *sealed* exhibit containing the terms of the rejected plea offer instead of confirming the terms of the offer verbally on the

---

[2] The Court does not necessarily construe Defendant's suggestion of filing the plea offer with the Court, followed by a short colloquy by the Court, to mean that Government counsel should be absent from the process. *See* Doc. 21 at 3, ¶7.

record. *See United States v. Pickard*, 733 F.3d 1297, 1300 (10th Cir. 2013) ("A court can order documents sealed if the party moving for sealing is able to show 'some significant interest that outweighs the presumption' in favor of open access to judicial records." (quoting *Colony Ins. Co. v. Burke*, 698 F.3d 1222, 1241 (10th Cir. 2012)). Under this proposal, the Court would not become involved in any way with the content of the plea offer and at the same time, steer clear of possibly venturing into privileged communication.

## CONCLUSION

For all of the above reasons, the Court finds that a *Lafler/Frye* hearing to establish the terms of the plea offer, the fact that it was communicated to Defendant, and the fact that Defendant rejected the plea offer, is supported by the principles announced in *Lafler v. Cooper*, 566 U.S. 156 (2012), and *Missouri v. Frye*, 566 U.S. 134 (2012). Both parties agree that obtaining confirmation by the Defendant whether he has received the plea offer should not require much time, and so the Court proposed to take this up at the pretrial conference, which will be set at a later time.[3]

The presence of counsel for all parties and the filing of the plea offer as a sealed exhibit will ensure that a complete record will be made, that no privileged communications are disclosed, and that the Court's involvement will be restricted to the ultimate determination of whether defense counsel has communicated to Defendant the plea offer extended to him by the Government.

**THEREFORE,**

---

[3] The Government proposes that the inquiry be made at the call of the calendar, *see* Doc. 20, ¶3, but as a scheduling matter, it is more efficient to address this issue at a pretrial conference.

**IT IS ORDERED** that the Government's Opposed Motion for a *Lafler/Frye* Hearing

**(Doc. 20)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.

_____
CHIEF UNITED STATES DISTRICT JUDGE